Okay, good, excellent. Okay. Ready then, Mr. Lemberg? Your Honor, may I reserve five minutes for rebuttal? You may, yes. Thank you. May it please the Court, my name is Sergei Lemberg. I represent Paula Jensen in this appeal and I represented her below in the District Court. I think there are probably two main points on which I want to focus my presentation. The first is the nature of the document that's issued in the case, the so-called subpoena that was served. You say so-called subpoena. It clearly was a subpoena. It may be arguable that it was legally effective, but it was a subpoena. Are you doubt about that? I think there is. I think there's a lot of doubt about it. Well, it says information subpoena and written questions, does it not? The rule of the New Jersey Superior Court allows a subpoena to be issued in the name of the clerk. This subpoena was not issued in the name of the clerk, and therefore my take on it is it's not a subpoena at all. It looks like a subpoena on its face. Is there a New Jersey case that has said that a document like this is not effective, would not be a subpoena? The two cases that we cited in the brief, Crescenzo and... I mean, other than your say-so, is there anything that says this document is not an official document and cannot be considered a subpoena? There are no cases directly on point. However, the language of the rule itself, I believe, would govern. It only allows the issuance of a subpoena in the name of the clerk, and this is not a subpoena issued in the name of the clerk. How would this deceive or mislead an objective or the least sophisticated consumer with respect to debt collection? Quite easily. The document appears to be what it is in fact not. It appears to be a validly issued subpoena in the name of the clerk. But for the fortuity... But how is it not validly issued? It's not issued in the name of the clerk. It's not the fact that it's not issued in the name of the clerk that brings it within the False Claims Act, is it? The Fair Debt Collection Practices Act. We've got too many F cases. There's just too many. Too many false cases. It is the fact that it is not what it purports to be that brings it within the statute. There's no difference that the clerk was misnamed or not misnamed that brings it within the Act? It's that it's the wrong name? I think that it would be a much closer case if it was a wrong name, say a former clerk's name. This is not this case. I'm trying to get at what is false about the subpoena. You don't want to call it a subpoena? Terrence Lee was not the clerk ever of the Superior Court from which the subpoena issued, purported to be issued. What's false is a wrong name. What's false is the title and the name. Again, I get back to how did that deceive or mislead? In what way would that deceive or mislead a consumer with respect to a debt that is owed? The way it would mislead, Judge, is that this document is not what it purports to be. It's just not. This leads to the question. It would make the consumer think. Well, it's in the name of the clerk. What if it isn't even filled in but it says clerk? I mean, it may be issued by an attorney or party in the name of the clerk. So you've got the clerk there. We don't have the clerk. We have some name of a person who was never the clerk. He was a county clerk. To answer your question, what if it was never filled in? Let's just say because the rule allows for an electronic signature or a digital signature. Right. What if this was left blank by mistake and everything else was accurate, was sent out, but whoever prepared it forgot to take the little stamp and stamp the name of the clerk? It would still be actionable because it would, to the least sophisticated consumer who does not know the rules of New Jersey procedure, the document would appear to be, when served upon them, a validly issued subpoena, noncompliant. And I think there's a difference between this subpoena and maybe other subpoenas out there. New Jersey seems to make this sort of a court document. This is issued in there. It's a weird rule. It's totally done by the lawyers. The court doesn't even know that a subpoena is being issued. It's all done under the lawyer's office. It's almost like a system-use attorney grand jury subpoena. It flies off the desk of the system-use attorney. The grand jury may or may not know about it. But when we go back to Judge McDowell's question, when the person who gets the subpoena, it's for a debt that she concedes that she owes. True. The amount is not in dispute. No. The only thing in dispute is something that she knew to be erroneous because she knew that Lee was not the court but the county court and was retired. And I just don't know how that would mislead. As a professor of mine used to say when explaining what a demurrer meant, so what? Well, just because she is not misled doesn't mean that the subpoena is not misleading to the least sophisticated consumer. How would it frustrate your client or the least sophisticated consumer in responding? It would make the person produce information that they may not have to produce, number one. It wouldn't mislead the person. It just means that it might give them a note. And the least sophisticated person wouldn't know that Terrence Lee isn't the clerk. That's the whole point. That's the whole point, Judge, about being misled. You don't know you're being misled. If I wasn't being misled, I wouldn't be misled. Wait, wait, wait, wait. The least sophisticated person, I do not follow your logic. May I try to convince you? I wish you'd get to the case law so that we don't keep arguing about whether I'm the name of the clerk or not. This document is not what it purports to be. Under any standard, least sophisticated consumer materiality, it's false under the statute. The statute says the dissemination of any document in connection with the collection of a hit that is false is actionable. What if the complaint actually misstated her name and maybe dropped the letter instead of being Paula Henson, it was Paula Henson. And she looks at it and says, you know what, this is false. I don't have the answer. That's not this case. Too trivial. The subpoena is not what it purports to be. That's a trivial, that's where I would say, maybe I would even say if it was a former clerk. You don't think your argument is too trivial? I don't. I think it goes to the very nature of the practice. Your time is almost up. And we are really having argument in this case because so many other courts have adopted a materiality requirement. And so we are obviously considering whether we should do the same. Would you address that, please? Sure, Judge. The Supreme Court counsels that judges are ill-equipped to embellish statutory schemes. And that's what's happened here. The materiality standard was never in the statute. It was never read. It was for 35 years. What's wrong with the Hahn case, which pulls materiality out of common law? In the context of the statute, what's wrong with it is that the false statements that are issued in this statute, the definitions were not brought in. Nobody has ever said. But in the context of this statute, the materiality requirement makes sense, does it not? It may make sense if Congress decides to revise the statute and legislate it. It may make all kinds of sense. But, Judge, so far as we are concerned today, the law is read the plain language. If it's not in the plain language, you have to determine whether Congress brought the definitions in. But should Congress have to say, oh, and by the way, we don't mean technicalities. We don't mean, you know, things that really don't matter to the consumer and have no connection whatsoever to the debt. They said it, 1692K. The nature of the misrepresentation, the intent, all matter, but just not to liability. The purpose of the law, the purpose of the statute is to prevent abusive practices. Isn't that purpose advanced by a materiality element? I think that's too limited a reading. I think right there in the findings, Congress finds in Section C of the findings, they find that means other than representation or other abusive collection practices are available for the effective collection of debt. So Congress found that misrepresentations of any kind are abusive. At the same time, are you arguing that we should not apply or accept the desophisticated debtor test? No, no, no, no, no. That's in stone. Well, then why isn't materiality a part of that test? Because the Supreme Court wouldn't allow for materiality to be read into the statute absent it being in the language. Well, why is, if the test is whether or not something would be likely to mislead the least susceptible debtor, if it's not something which goes to any information which is likely to mislead, then the least sophisticated debtor test is satisfied, isn't it? Isn't that another way of saying materiality is baked into the test? If you, that's another way to read materiality into the standard, which I think would just be inappropriate given what the Supreme Court counsels us to do. It doesn't really bring in materiality. If a statement would not mislead the unsophisticated consumer, it doesn't. That's your test. Okay. Well, then back to the unsophisticated consumer. I get this. I'm an unsophisticated consumer, and there is nothing that misleads me in here, unless you're assuming that the knowledge having to do with the clerk is something that, you know, would necessarily mislead. The least sophisticated consumer does not know, Terrence Lee, does not know the rules of practice. The least sophisticated consumer would think this is a validly issued statement. Why would that fact tend to mislead or work an injury on the least sophisticated consumer or least sophisticated debtor? Two answers to that, Your Honor. The first is that the statute is not, by its definition, by its nature, it's a strict lawability statute. A false statement is actionable. If it's not intentional, that's an issue of damages. So there's a statutory harm, number one. Number two, there may be actual harm because the consumer may react to this subpoena as if it's valid. Well, follow that. If they react as if it's valid, then what would they cause the consumer to do? To turn over information. Wait a minute. I think the question, I'll put it maybe a little different. Why should the least sophisticated consumer care whether the name is correct or not? I can imagine you get this thing in the mail. I'm going to look at it. Why should I give a hoot whether this is right or not? I can see that I owe money and this subpoena is requesting information. Well, I mean, they should care because if they don't respond to it, they go to jail. Well. Well. All debtors, the after fare and debt collection. Whether it's a valid subpoena or not, as long as the underlying debt is valid, you can sense what we're wrestling with here. There's no doubt she knew she owed the obligation. She knew that the amount was correct. But you're saying because somebody messed up with the signature and made a mistake that she knew was a mistake, somehow that gets you to get out of debt free hard. Oh, that's not what we're saying. These laws don't have anything to do with the debt itself. She still owes the debt. How do they collect it? How do they collect it? They subpoena the information. She's responded. They can garnish wages. They can do whatever. She's not getting a get out of debt card. She is simply saying that this document is false. And under federal law, that is actionable. If it's not intentional, if it's a mistake, maybe they have bonafide error defense down the road that they get to establish. But as a matter of pure liability, pure plain-labor statutory construction, there's a false statement. There's a document that's disseminated that is not true. Therefore, there is a claim. And we ought to win on our claim in chief. And if the defendant has a defense to the claim, then they can establish that defense in due course. Okay, well, I think I've seen your argument, and we've got to go over it quite a bit. Thank you, Judge. If it pleases the Court, I'm Mitchell L. Williamson. I'm with the law firm of Pressler & Pressler, and I represent Pressler & Pressler. I'd like to address the least sophisticated consumer and the information subpoena. Can you pull the microphone a little bit? I'm sorry. That's the first time I've been accused of that. It appears to me that if we were to explain to the least sophisticated consumer the procedure with issuing an information subpoena, that would confuse them because to try to explain it, the clerk never sees this, never knows about it. It's issued in their name, yet they have no connection to it whatsoever. And my take on it is the least sophisticated consumer wouldn't understand why is his name on it or her name. It's a unique case because she looked at it and said, wait a minute, I know who that is, and that's not the clerk of the Supreme Court. That's exactly. This is the roulette wheel. But that doesn't matter.  It's the least sophisticated. So the fact that this person knew doesn't have anything to do with it. And this really, it is false, right? It says Terrence D. Lee, clerk. It is the wrong name. Right. The wrong name. Terrence D. Lee isn't the clerk. The wrong name of the clerk. And so she said, well, I guess I have to obey this because, you know, it's from the clerk, and lawyers can do it in the name of the clerk, but Terrence Lee says I can do this. And if it isn't Terrence Lee, it's a falsity. It is definitely, it's not the correct name. The fact that she had two options. So why should we import? I mean, this is all about materiality. Correct. And neither of you are going there. We need to understand, should we import a materiality requirement into the statute when it is not there? Yes. Other courts have. Should we? It's common sense, yes. Well, there's a lot of common sense that Congress doesn't do. We know that. That we can say, oh, you know, they didn't say this, but common sense dictates that we do this. You know, we usually look to the statutory language. And here. And when we talk about the statute, we talk about it should be broadly construed. And when we look at the statute, we see the D, E, and F. It's broadly construed. It's a remedial statute. The courts have said it's a remedial statute. Well, then that sounds like the plan should have. And construed means interpreted. And we have a list. But this is a limiting principle. You're asking for a limiting principle. That something has to be material in order for there to be a prosecution. It's debtors. I'm sorry. Why shouldn't it be very narrowly construed in order to protect debtors and not to. . . To protect. Well, that's the operative term, to protect the debtors. Looking at the Hahn case, talking about the Hahn case for a second, where there was a strict violation. That was when the clerk suggested they were going to send something on tan paper, and they sent it on a different color. That was a misrepresentation. I don't think anybody could deny that. Did it make sense? Without using the word material, instead of using the word material, did it make sense? Does it make sense? You can't really use make sense as a basis for us to import something. You're asking us to adopt the materiality. Yes. But you're asking us also to rewrite Congress's statute. I don't believe so. I think that there's enough room in that statute which requires interpretation. It requires, when you talk about the violations. . . Either it is or it ain't. Do you want us to read the statute with materiality in it or without? Yes. You do? Yes. Why? Where's the language that you get that from? I believe that it's open because it leads itself, the statute itself leads itself to be open to interpretation. So you're saying the context of the statute. . . Yes. Because what it is aimed at doing. Isn't that what Hahn really did? It was a purposive approach? Yes. That's what you're urging us to do? Yes. And I am saying that. . . That's not rewriting the statute. I don't think so. And I think that, as I started to say, that several sections of the statute which list potential violations, actions which would be deemed violations, but go on to say this is not an exclusive list, an exhaustive list. It leaves room for additional interpretation or additional review to do something for. . . As opposed to it's not listed, but could it be? At the same time, it might not be, and this is an instance where really it makes no sense. It makes no difference to the effect of. . . Is that to say. . . In this particular case, by way of example. . . Is that to say that Congress made no sense when it crafted the statute? No. I think that to ignore the concept of materiality would make no sense. That's what I'm saying. Could you address the Hirsch case? It's an old case, but it seems to be one, a state case, which is the closest to this in terms of a departure from procedural rules. It's from experience and the impact it has on the validity of a subpoena. I'm sorry. I didn't hear. . . Hirsch versus DuPuis if they're DuPuis. I'm not. . . I'll be honest with you. I'm not familiar with that case, Your Honor. Okay. I did look at Crescenza, which is the case that was relied on by plaintiff, which is a case where there was an issuance of a subpoena to a third party, a doctor, and there was no adequate notice to an adversary. This was a case where the doctor's records, the wife's doctor's records were sought by the husband, and the wife's attorney had no notice and therefore had no opportunity to object, which is quite a different situation than what we have here. If there was an infirmity in the subpoena, and I guess we admit that there was an infirmity, and that was the wrong name, it could have been sent back and say, I know this is the wrong name, I'm not going to answer it, and a new one could have been sent. Why? That could be the case. Under any scenario, under the Act, you could arrive at that result. You could get something sent on the letterhead of a lawyer that wasn't really sent by a lawyer. It was by a company, a debt collection company. In these cases in the region, the person could look at this and say, I know that guy, he's got to order him and send it back, but that would not mean that it's not a violation of the Act. That clearly would be a violation. Yes, technically it would be a violation. Just as in Hahn, there was a technical violation, and just as in Hahn. And then looking at Lenbach, the Lenbach case, where there was a serious violation. There was forgery. There wasn't a wrong name, there wasn't a mistake, an error. There was actual forgery found, and there was no dispute that there was forgery. Yet the court found that was that forgery. Was the forgery material? And they adopted, I guess we come back, we keep coming back. Was it material? Did it have any effect on the documents themselves? Was everything in the document correct? Now, there was a violation. There was potentially a violation, an ethical violation. There was potentially a violation of the court rules. But under the FD, did it have any effect on the debt or the debtor's ability to respond to the document? That's a non-presidential case, though. I'm not suggesting it's presidential. I'm suggesting that that's, again, the same type of reasoning where there we had an egregious situation as compared to this where this was an error. There's been no argument suggested that this was an intentional misuse of the document. Would we draw the line if we don't hold people to those requirements that dictate what a subpoena should be in the form of a subpoena? Would we draw the line when we see mistakes and errors in subpoenas under the Federal Election Practices Act? How do we know, well, that's okay, that's not okay? How do we draw the line? In terms of subpoenas, I think that's another. I think to some extent this is a misnomer. When we look at subpoenas, when we look at the New Jersey rule on subpoenas, we're talking about issuing subpoenas for testimony. We're talking about issuing subpoenas for information. The information subpoena is a questionnaire. It's a sub-questionnaire. It's not a subpoena. In connection with this collection of the debt, though, where do we draw the line? What if it has the wrong court name? What if it, you know, where do we draw that line? If it had the wrong amount, if it had the wrong court name, that would be, I would argue, would be material because that would be confusing. I've got a judgment from the Middlesex Court, and now I'm getting a subpoena for the Essex Court. Those are two different counties in New Jersey. What's that about? Wait a minute, I don't know anything about Essex. I was in Middlesex. Or I get a judgment for $100,  that would be confusing. That would throw somebody for a loop. What if her address is wrong on the information subpoena? And she says, no, no, I don't. She wouldn't get it if her address was wrong, Your Honor. Wouldn't get to it in all likelihood. Are you saying, the statute says, may not use any false, deceptive, or misleading representation or means. Are you reading falsity to be limited to only those falsities that are likely to mislead? Yes, Your Honor, to put it simply. Let me ask you an interesting point, which is just an aside. Only 10% of the information, the press sends out thousands of these on a yearly basis. Only 10% actually get returned. It's not a document that is, I know that we talked, it was raised, the language. What do you mean returned? That people answer them. Only 10% of people actually answer them. What does that have to do? As I said, that's an aside. But it's an aside that people don't, they don't pay attention to them. I don't, I want to believe that nobody has ever noticed, other than the fact that she knew Mr. Lee, this would never have been, and while that's not an excuse, it is a point that that's not, that's not something that somebody is looking at. They're looking at the arrest language up top. They're looking at the amount. Is the amount right or wrong? What is the amount of the debt here? I'm sorry? I'm just curious. What is the amount of the debt, the underlying debt? $5,900. $5,900. Now, she also raised this. How would New Jersey treat this? Would this be a ministerial clerical error or it's an unenforceable document? Well, actually, it's interesting that you ask because she did complain. She did file a motion to vacate the judgment subsequent, and she did complain about this specifically, that she got this information and it was incorrect because she knew Mr. Lee. That's where the language. What was the result of her argument? Her motion was denied. The judgment remains. So she did raise this. She did raise the question about the incorrect naming of the courts? Yes. Yes, Your Honor. She did. And it was found nonetheless enforceable? Correct. It was denied. So it was. It was raised. And this was not something that we briefed. This was since it wasn't directly on point in terms of materiality. But that's the facts. Well, it goes to how the state court views errors in its own process. Yes. And they didn't find it. They didn't add anything. I see my time is up if you don't have any more. Thank you. Thank you, Your Honor. Good morning, Your Honors. Good morning. May it please the Court. My name is Lauren Burnett and I represent Midland Funding, LLC. And I want to do my best to try to answer some of the questions that Judges McKee and Rendell have posed as to why this circuit should adopt the materiality standard. I'm sorry, Judge. Why this circuit should follow its sister circuits and adopt the materiality standard. And I first want to emphasize that Congress enacted this statute to eliminate abusive debt collection practices. Not to eliminate mistakes and not to ensure absolute perfection and not to render irrelevant or immaterial statements actionable. And as such, the FDCPA inherently recognizes that there is, in fact, a line between statements that matter and statements that do not. What if there's something that causes the document not to be the document it purports to be? Mr. Lumbers, I mean, because this document did not comply with the rules, it therefore could not be a valid subpoena to begin with. And therefore, this client is being sent something which is not what it purports to be. I understand the argument, Your Honor, and my response to that would be twofold. Number one, the document is, in fact, what it purports to be, as Mr. Williamson just stated. That aside, materiality analysis gives us objective criteria by which to determine whether or not a statement is material or not. Why should we use a materiality analysis? Because, Your Honor, the purpose of the statute was not to render actionable things such as ministerial errors or typos, and yet that's precisely the type of result that Ms. Jensen requests here. That's the type of absurd result that the United States Supreme Court in the German case has expressly prohibited. Mr. Williamson would not concede the point. We're actually rewriting the statute, aren't we? I disagree, Your Honor. If Congress wanted materiality, Congress could have put it in statute. I disagree in terms of the judiciary tinkering with their statutes. Well, I don't view it as tinkering with the statute, Your Honor. I view it as the judiciary fully embracing its role of interpreting and applying the statute. Thank you, Your Honor. I appreciate that. I'm not sure you're right, but it's a very nice dodge. Well done. We view materiality as an interpretive tool, just as the many interpretive tools that courts use when they determine whether a statement or a representation is actionable as a matter of law. For example, how many phone calls in a week constitute harassment? What type of representations or means that don't appear in the non-exhaustive list at Section 1692F constitute unconscionable behavior by a debt collector? Courts employ these tools in determining whether a statement is actionable, excuse me, under the FDCPA as a threshold legal determination. There is room within the statutory text for the court to interpret. I beg your pardon? There the statute itself gives us room to go in and interpret the terms we have to interpret. In terms of reading materiality, I don't see that within the interstices of the statute. Would we judge a court and say, come here and interpret whether or not materiality is part of this? Well, I'm willing to agree with Your Honor that the word materiality does not appear expressly in the statute. And the word falsity does. The word falsity does, but if you look at the scope and the purpose of the statute, the statute cannot be read in a vacuum. Can you cite an analogous statute where we have said, well, the statutory language is this way, but it would be hyper-technical to read it literally and we need to cabin the meaning the way you're suggesting here. Can you find an analogous situation where courts have done that? I actually don't think you need to leave the FDCPA in order to do that, because if you look at your lower district courts and the ways in which they have reached up into this court. But they are lower district courts. Correct, Your Honor. We have a decision here, and I would think there would be analogous situations where courts have said this is a hyper-technical reading, which we will not apply, even though the statutory language says false. Sure, and in this court, in the campus on Obergos v. Midland credit management matter, I think the court embraced that very analysis in which the court said to the consumer, you are asking us to interpret this statute, to interpret this letter bizarrely and in an idiosyncratic manner. And that does violence to the purpose of the FDCPA, and we're not going to allow claims such as those to proceed. So maybe we would apply it leads to an absurd result? I mean, I'm looking for something that we do as a court. You know, we don't usually say bizarre. We could. But usually we say it leads to an absurd result, and maybe that would apply here. It does. And I think that it would be just as sound for the court to determine that this would frustrate the purpose and the intent of the FDCPA, which is not just to protect consumers, though that's certainly its primary aim. It's also to ensure that debt collectors who are doing their jobs appropriately are not subject to bizarre and idiosyncratic interpretations of the statute that subject them to significant liability given the fee-shifting statute. Why isn't the naming of the clerk of the superior court, which is required by court rules, important and material? Because, Your Honor, the — Doesn't that go to the power of the subpoena itself? I actually disagree with that. I think that the material information that appears within an information subpoena is the information that you touched on earlier. Court rules require that it be issued by the clerk of the superior court. That's the name that appears in the document. Doesn't that go to the efficacy of the document? No. I interpret that rule to mean that the information subpoena must be issued on the form that is given the blessing by the New Jersey Judiciary Committee. Doesn't you have a court order and a different judge signs the order? Is the order effective? The order is effective. And, in fact, one of Your Honors asked for an example. I know I'm out of time, but if I could just touch on it briefly. You asked about the Hirsch matter in New Jersey, which is an admittedly older case. But in that case — It's almost a century old. It's 1933. I know things move slower in New Jersey, but 1933. In that instance, Your Honors, the summons and the complaint were not dated. They lacked the court seal, and they were unsigned, and they were found valid. They were issued by an attorney. The weird thing is it doesn't have to be issued by the clerk. It's issued by an attorney. That's correct. And I think that, to the extent that's problematic, that's a problem for the New Jersey Rules Committee to touch on, or perhaps the New Jersey Judiciary to touch on. But I don't believe that it creates an actionable statement under the FDCPA. Thank you. Thank you. Thank you. Let me go get – Have you ever been here before? Have you ever been here before? No, sir. Another little job. I'm not sure you're right, but a very good job. Thank you. There are lots of statutes that – You're doing okay, too. Yeah. This is the second steward answers questions, so he's trying to show you a bonus. Yeah, just – Well, absurd result. What's so absurd about applying this law to the facts of this case? Congress wrote this – Yeah, but do we need – Do we need to – – lawsuits under the Fair Debt Collection Practices Act when somebody spells, you know, law division wrong or, you know, leaves out something that, you know, technically – How does this matter to the unsophisticated consumer? It goes to the very power of what this document is meant to do. But I'm saying how does it matter? I think it matters a great deal, Your Honor. The issue here is what this is. If I get this in my hands and I'm the least sophisticated consumer, I'm responding. What am I responding to? I'm responding to a subpoena that is not a subpoena. But it's issued by an attorney. In New Jersey, they allow this to be issued, filled out, and issued by an attorney, not by the court. In the name of the clerk. And it is in the name of the clerk. Clerk, okay. The superior court. It's self-misleading because when you get it, you don't know that this thing – the clerk's never seen this. The court doesn't even know about it. It's kind of cranked out by some private enterprise whose business it is to collect debts. You don't know any of that stuff. But the New Jersey rules say, well, that's okay. It still constitutes a subpoena. Is it now time for me to talk about not being misled, not being misled? I think the person being misled doesn't know they're being misled by definition because if they knew they were not being – But see, that's a problem. How would you know that you're being misled? I wouldn't be misled if I knew this isn't a subpoena. I wouldn't be responding if I knew that the letter was false and they're lying to me about the amount of the debt, this or that. I'd point it out. But how does that help me be misled in a way that matters? Do you think the unsophisticated consumer is going to go, oh, wow, I didn't realize that the clerk really wasn't Terrence Lee? Gee, you know, doesn't it have to be in connection with the collection of the debt? Oh, it's certainly in connection with the collection of the debt. Well, the misrepresentation has to relate somehow to the purpose of the statute, i.e., that the consumer understands and isn't misled as to something with respect to the collection. I mean, that's why the law was passed, because debt collectors were misleading consumers. They were saying, you know, you're going to be arrested in 30 days and somebody's going to come and harass you with respect to this debt. They didn't say, oh, you know, we should protect people from not realizing the name of the clerk. They did. And that's the issue. Whatever our own private thoughts are about the wisdom of that, I think is secondary to the very nature of the statute. They thought about it. They added it to the findings. They wrote the broadest possible prohibition against false statements made in connection with the collection of the debt, which this clearly is. They prohibited it. And they said, you lie, you pay. You don't lie intentionally. You're putting intention there when you say that. You lie in any way, you pay. If you want to prove that you didn't do it intentionally, that you have a good defense, 1692K, that's where you go. That's your affirmative defense. That's mitigation of damages. But this is like a speeding ticket. You go 56 miles an hour, you're a mile over, you're a mile over. That's a good point. Now, on a speeding ticket, that's the most important thing you look at. That's what seems to matter the most, how much over the speed limit. What do you think the most important piece of information is on an information subpoena in connection with a debt? The most important piece of information on the information subpoena. In the published QIO, is the debt that's stated in the subpoena accurate? It's irrelevant. It's been determined. So you say it's not in the subpoena. That's what I hear. It's irrelevant because the amount of the debt has been determined. The only thing— You say it's irrelevant, but some information subpoenas far exceed the amount that the debtor actually owes, so it's quite irrelevant. Well, those would be potentially actionable. But in this case, it's a judgment. I mean, isn't that what the Fair Debt Collection Act is getting at, the accuracy of information concerning a debt? Two points, Judge. The first is that the only thing the New Jersey rule requires is that the subpoena be issued in the name of the clerk. I understand that. I'm just trying to get at the least sophisticated consumer. When you get that piece of paper, when you get that information, what's the first thing you look at? Is the debt correct or not? Do I owe this money? I would think the first thing you look at is whether it's a real document, number one. Number two, whether— The least sophisticated consumer is going to look at this and say, wait a minute, is this the right clerk? Is this the right clerk? They want to look and see how much money do I owe? Look, we're all sitting here kind of wondering what would they do, what wouldn't they do. Congress thought about it. We don't know what a least sophisticated consumer who doesn't know any of the rules who receives this document would do or wouldn't do. The document is false. There's no question. Would it make the least sophisticated consumer think that it's real? I think there's no question. It purports to be what it is not. The third question is, well, geez, would they know that it's not real? No, they wouldn't know. They would have no idea, and they would be misled, and therefore this is misleading to anyone other than Paul Jensen and maybe this humble African. Thank you. Thank you, Mr. Lippert. I think we'll support how far you want to take the matter into advisement. And we'll go to the next matter.